IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEVI SPRINGER, ) | | |
|     Plaintiff, ) | Civil Action No. 7:10cv00256 | |
| ) | | |
| v. ) | **REPORT AND RECOMMENDATION** | |
| ) | | |
| OFFICER M. DEEL, et al., ) | By: | Michael F. Urbanski |
|     Defendants. ) | | United States Magistrate Judge |

This civil rights action was brought by an inmate at the Red Onion State Prison, Levi Springer, pursuant to 42 U.S.C. § 1983, against the warden and a number of correctional officers at that prison. Springer's allegations arise from two encounters with correctional officers, one at Keen Mountain Correctional Center on November 30, 2008, and one at Red Onion on October 29, 2009. Springer seeks preliminary injunctive relief, claiming that he needs protection from Correctional Officers Brian Hurley and M. Deel. Review of the pleadings and affidavits filed in this case plainly establish that Springer has not demonstrated that Springer is facing a substantial risk of serious harm that or that he is in danger of any actual and imminent harm. As such, it is **RECOMMENDED** that his requests for a temporary restraining order and preliminary injunctive relief (Docket Nos. 5 and 8) be **DENIED**.

As regards the November 30, 2008 incident, Springer claims that Hurley assaulted him in the shower at Keen Mountain by placing two fingers in his rectum. While Hurley makes these allegations here, a different result was obtained in state court arising from the events of that day. In a written plea agreement tendered to the Buchanan County Circuit Court, Springer admitted to assaulting Hurley by throwing human waste on him on that date at Keen Mountain. Hurley was struck with human feces and urine on the left side of his face, mouth, and body. Springer admitted in an Investigative Interview dated December 4, 2008 that he got a cup and threw some

1

of the contents of his toilet through the side of his door and onto Hurley. In an Investigative Interview dated December 9, 2008, Springer stated that Hurley would not let him use the telephone, and that he "got mad at this and dipped a cup of piss water out of the toilet and threw it in his face."

As a result of this incident, Springer pled nolo contendere to a felony violation of Va. Code § 18.2-57, Assault and Battery of a Law Enforcement Officer, and the Buchanan County Circuit Court sentenced him to a term of incarceration of three years and seven months, to run consecutive to all sentences he was currently serving. The Buchanan County Adjudication Order also provides that "[u]pon motion made by the Commonwealth, the Court orders the Defendant to be held in protective custody."[1]

Springer's allegations of sexual assault on November 30, 2008 in the shower at Keen Mountain were investigated by Special Agent D.K. Crowell of the Special Investigations Unit of the Virginia Department of Corrections, Office of the Inspector General. Special Agent Crowell interviewed Springer, Hurley, and others, reviewed video of the housing unit, and examined Springer's medical record. Although Springer was seen by medical staff on November 30, 2008, he made no claim at that time of being sexually assaulted by Hurley. Indeed, in the Investigative Interview dated December 9, 2008, Hurley stated that "I told staff that I wanted to see a doctor or psychologist but did not tell anyone that Hurley put his fingers up my ass until I spoke to Sgt. Hatfield." Special Agent Crowell found no evidence to substantiate Springer's allegations of sexual assault by Hurley, but nevertheless sent Springer's complaint to the Buchanan County Commonwealth's Attorney's office, which declined to prosecute Hurley.

---

[1] Hurley contends that Red Onion's failure to protect him from Hurley violates the "protective custody" provision of his November 18, 2009 Buchanan County Adjudication Order. Hurley claims that this provision of the Order was added to protect him from Hurley, to which defendants respond that Springer has been assigned a single cell, which keeps him away from other inmates. To the extent that Springer's claim is that this provision of his Buchanan County Order is not being followed, his remedy is not to bring a civil rights action in federal court; rather, he should pursue his claim in state court.

2

Shortly thereafter, on January 22, 2009, Springer was transferred from Keen Mountain to Red Onion. Sometime after his arrival at Red Onion, Springer alleges that he again encountered Hurley.[2] Springer alleges that Hurley threatened him "with the shotgun in the Control Tower." Springer further alleges that on August 22, 2009, Hurley threatened him with five point restraints and told another officer to put feces in Springer's food. Springer also claims that on September 3, 2009, Hurley entered his housing unit with Correctional Officer Deel and told Deel to "hurt him if you get a chance."

The next incident occurred on October 29, 2009. At that time, Deel and Correctional Officer Bray were escorting Springer to see the doctor. Instead of taking him directly to the doctor, Springer alleges that Deel made derogatory comments about him to other inmates, calling him a "faggot" and a "snitch." Springer then claims that Deel pulled violently on the security strap on his handcuffs, cutting his hand and wrist. Defendants paint a different picture, stating that when Correctional Officers Bray and Deel attempted to remove Springer's handcuffs, Springer tried to reach through a tray slot and grab their shirts. It was then that the officers grabbed the security strap to control Springer. Immediately thereafter, Springer was placed in a wheelchair to be transported to the medical unit for evaluation, at which time he again became disruptive and spit on correctional staff. After a spit mask was obtained and placed on Springer, he was taken to the medical unit for treatment.[3]

Springer has filed a motion for Temporary Restraining Order or Preliminary Injunction apparently asking the court to enforce the "protective custody" provision of the Buchanan

---

[2] Defendants assert that Hurley began working at Red Onion in April 2009, and that he has not had any direct contact with Springer there. In response to Springer's motions, defendants sat that Hurley is assigned to a separate housing unit at Red Onion and the chances of his coming into contact with Springer are remote.

[3] Red Onion Correctional Sergeant and Institutional Investigator T. Adams investigated Springer's claims of excessive force regarding the October 29, 2009 handcuff incident, including review of videotape footage of the incident. His affidavit recounts that as the officers pulled on the security strap, Springer was facing the door pulling back as if he was playing tug of war. Adams found that there was no excessive force used. Springer received disciplinary charges and was found guilty of attempting to commit simple assault on a non-inmate and attempting to spit on a person.

County Adjudication Order and expressing concern over further threats of physical harm from defendants Hurley and Deel. The court has reviewed all of the filings in this case, and finds that there is no circumstance requiring the issuance of a Temporary Restraining Order or Preliminary Injunction.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374-376 (2008).[4] To justify an injunction before trial on the merits, it is incumbent upon the plaintiff to make a clear showing that he is likely to succeed at trial on the merits and that he is likely to suffer irreparable harm in the absence of the preliminary injunction. Id. at 374-76. The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd., 952 F.2d at 812. Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." Va. Chapter, Associated Gen. Contractors, Inc. v. Kreps, 444 F. Supp. 1167,

---

[4] The court notes that the Fourth Circuit's previously-established balance-of-hardships test set out in Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977), is no longer applicable. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342 (4th Cir. 2009) ("Because of its differences with the Winter test, the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit . . . .")

1182 (W.D. Va. 1978) (quoting Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n, 259 F.2d 921 (1958)).

The Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but "neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," but a claim alleging failure to protect is viable only when the inmate establishes that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) the prison's officials had a "sufficiently culpable state of mind," i.e., that it constitutes deliberate indifference to the inmate's health or safety. Farmer, 511 U.S. at 833-34; Weatherholt v. Bradley, 316 F. App'x. 300, 301-02 (4th Cir. 2009); Burks v. Pate, 119 F. App'x 447, 449-50 (4th Cir. 2005); De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003).

Under this standard, it cannot be said that Springer has made a clear showing that he is likely to prevail on the merits. Both of Springer's allegations of assault have been investigated and found to lack any merit. As to his claim of sexual assault by Hurley in the shower at Keen Mountain on November 30, 2008, Springer's allegations lie in stark contrast to his guilty plea in Buchanan County Circuit Court for assaulting Hurley, his alleged attacker, with human waste. Springer's claim of fear of future attacks from Deel arising from the October 29, 2009 handcuff incident are undermined by his own disruptive conduct, including grabbing the officer's clothes and spitting, and by the fact that Deel no longer works at Red Onion. In short, Springer has failed to demonstrate credibly that he faces any substantial risk of serious harm and that defendants are deliberately indifferent to that risk.

Further, it is plain that Springer has not demonstrated that he will suffer any actual and imminent irreparable harm if injunctive relief is denied. Springer alleges that he is afraid that two correctional officers, Deel and Hurley, may assault him and that he does not trust the

5

remaining defendants to protect him from these officers. There are no allegations of any assault by Hurley at Red Onion nor are any threats alleged over the course of the last year. Further, defendants assert that Hurley is not assigned to Springer's housing unit and the chance of him coming into contact with Springer is remote.

The case for a preliminary injunction as regards correctional Officer Deel is even more attenuated. Springer alleges one episode with Deel in which Deel jerked on the security strap on Springer's handcuffs, causing some bleeding and bruising. Defendants report that Springer tried to grab their shirts through the tray slot, causing them to pull on the security strap. Springer became disruptive again when being transported to the medical unit for evaluation and spit on the officers. In the responses filed by defendants to the request for preliminary injunctive relief, defendants indicate that Officer Deel has not been on duty at Red Onion since July 2010. As Deel is not working at Red Onion, he poses no threat to Springer. Further, while Springer alleges a plot between Deel and Hurley to harm him, both Deel and Hurley deny that they even know each other.

Under such circumstances, Springer fails to establish both that defendants are deliberately indifferent to a substantial risk of serious harm from Hurley and Deel and that any such harm is either actual or imminent. Upon review of Springer's motions and the defendants' response, the court finds no reasonable basis for granting preliminary injunctive relief and, therefore, **RECOMMENDS** denial of Springer's motion.

The Clerk is directed to transmit the record in this case to Honorable Samuel G. Wilson, United States District Judge. Plaintiff is reminded that pursuant to Rule 72(b), he is entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive. Failure to

file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is directed to send a certified copy of this Report and Recommendation to plaintiff.

Entered: December 9, 2010.

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States Magistrate Judge