CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 21 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LEVI SPRINGER,<br>    Plaintiff, | )  Civil Action No. 7:10cv00256<br>)<br>)  MEMORANDUM OPINION |
| v. | )<br>)  By: Samuel G. Wilson |
| OFFICER M. DEEL, et al.,<br>    Defendants. | )  United States District Judge<br>) |

Plaintiff Levi Springer, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Officer M. Deel, Sgt. Smith, Warden Tracy Ray, Sgt. Adams, Officer Phillips, Sgt. Collins, Officer Talor and Officer Brian Hurley.[1] Springer alleges the following: Officer Hurley sexually assaulted him, Officer Deel used excessive force against him, Sgt. Collins knowingly failed to protect him from Officer Deel, Officer Phillips discovered his injuries and videotaped him the night he was injured, Sgt. Smith blocked Officer Phillips from videotaping Springer, Sgt. Adams and Warden Ray failed to provide him with the videotape from the night he was injured, and unknown defendants denied him medical treatment. Springer alleges no facts against Officer Talor. All of the defendants, with the exception of the later-added Sherry Shortbridge, moved for summary judgment. For the reasons stated herein, the court finds genuine issues of material fact as to Springer's claims against Officer Hurley, Officer Deel and Sgt. Collins. Accordingly, the court denies defendants' motion for summary judgment as to these claims and defendants. However, for the reasons stated herein, the court grants summary judgment in favor of Sgt. Adams, Warden Ray, Sgt. Smith, Officer Phillips and Officer Talor.

---

[1] The court granted Springer's motion to voluntarily dismiss defendant Captain McCoy and to add Sherry Shortbridge as a defendant. (ECF No. 58.)

# I.

Springer alleges that on November 30, 2008, he was sexually assaulted by Officer Hurley in the shower area at Keen Mountain Correctional Center ("Keen Mountain"). Approximately one month after reporting this incident to officials at Keen Mountain, Springer was advised that Officer Hurley was no longer employed at Keen Mountain. Shortly thereafter, Springer was transferred to Red Onion State Prison ("Red Onion"). Within his first six months at Red Onion, Springer alleges that Officer Hurley entered Springer's cell and threatened him. Later, Springer claims that Officer Hurley stood outside Springer's cell with Officer Deel and stated to Officer Deel that Springer was "the one who cost [him] his job at Keen Mountain . . . hurt him if you get a chance." Within the next couple months, Officer Deel denied Springer a shower and recreation time. Springer notified Sgt. Collins that Officer Deel denied him the shower and recreation and informed Officer Collins about Officer Hurley's association with Officer Deel.

Springer alleges that on October 29, 2009, Officer Deel and another officer were escorting Springer to see the doctor, but instead of taking him to the medical unit, Officer Deel advised Springer that they were escorting him to another building because Springer had snitched on him and Officer Hurley. Officer Deel allegedly ignored Springer's insistence that he needed to see the doctor and instead made derogatory remarks to him. Then, upon securing Springer in a cell, Officer Deel allegedly told other inmates in the housing unit that Springer was a "snitch" and a "faggot." Springer alleges that Officer Deel then pulled the security strap on the handcuffs so violently that the handcuffs "ripped through" Springer's hand and wrist, causing a wound and significant blood loss.

At that point, Officer Phillips and Sgt. Smith relieved Officer Deel and the other officer. Officer Phillips looked through the window in the door and stated that there was blood

everywhere and that medical needed to be called. Officer Phillips then showed Springer's wounds to Sgt. Smith through the door's window. Another officer arrived with a video camera and instructed Officer Phillips to record Springer and the cell. Springer claims that Sgt. Smith initially blocked Officer Phillips from videotaping Springer, but that Officer Phillips did eventually capture footage of Springer and his cell. A nurse arrived and determined that Springer needed to go to the medical unit due to the amount of blood lost. Video footage provided during discovery shows that while being transported to the medical unit, Springer attempted to spit on an officer, at which time he was placed in a spit mask.

When Springer arrived at the medical unit, a nurse treated his wounds and Sgt. Adams and Captain McCoy visited him. Sgt. Adams informed Springer that he had taken pictures of the cell and that he would be investigating the matter. Captain McCoy asked Springer what he wanted to see happen as a result of this incident. Springer told McCoy that he wanted Officer Deel charged with assaulting Springer. Captain McCoy allegedly told Springer that he "really ha[d] no reason to believe [him] and [he saw] no other option than to put [Springer] in ambulatory restraints because of [his] behavior." Springer was then placed in ambulatory restraints and escorted to a cell where he was left in the restraints. Over the next 36 hours, Springer claims that he requested to see a nurse on several occasions because the handcuffs were "digging in to the wound on his wrist and blood was soaking through his bandages," but he received no response. Springer does not allege to whom he made these requests for medical attention, but states that when the restraints were eventually removed, he could not feel his fingers or wrist and the doctor confirmed that he had suffered nerve damage.

In November 2009, Springer filed a criminal complaint in Wise County against Officer Deel regarding the alleged assault. After Springer described the alleged assault to the

Magistrate, the Magistrate requested copies of any photographs or video footage. Springer told the Magistrate that this evidence did exist and the Magistrate allegedly advised him to obtain the evidence and re-file his complaint once he had that evidence. In January 2010, Springer inquired as to the status of defendant Sgt. Adams' investigation and was informed that Sgt. Adams concluded that Springer's claim had no merit and, thus, ended the investigation. In February, Springer requested copies of any photographs and video footage from Sgt. Adams. Sgt. Adams advised Springer that he would not turn any such evidence over to him without a court order. Springer then pursued the evidence from defendant Warden Ray who also advised him that any such evidence would not be released without a court order. Several months later, Springer filed the instant § 1983 action.

Officer Hurley denies having sexually assaulted Springer on November 30, 2008. He also denies having ever talked to Springer at Red Onion or knowing Officer Deel. Officer Deel states that after escorting Springer to a cell on October 29, 2009 per orders, as soon as the cell door began to close, Springer attempted to grab at Officer Deel through the tray slot. Officer Deel and the other officer tightly held the immobilization strap in order to keep control over Springer. Officer Deel denies having ever threatened Springer or making any derogatory statements to him. Officer Deel also denies knowing Officer Hurley. Sgt. Collins did not file an affidavit concerning Springer's allegation that Sgt. Collins failed to protect him from Officer Deel but nevertheless moves for summary judgment.

## II.

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that a person acting under the color state law deprived the plaintiff of rights guaranteed by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 45-46 (1988). Federal Rule of Civil Procedure

56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment under Rule 56, the court must view the record as a whole and draw reasonable inferences in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

The court finds that, when viewing the record as a whole and drawing reasonable inferences in the light most favorable to Springer, there are genuine issues of material fact concerning Springer's claims that Officer Hurley sexually assaulted him, Officer Deel used excessive force against him, and Sgt. Collins failed to protect him. Accordingly, as to these defendants, the court denies their motion for summary judgment and directs that Springer's against them be set for a jury trial.

### III.

With regard to Springer's claims that the he was denied medical treatment and that the defendants attempted to "interfere with or cover-up" an investigation of Officer Deel's alleged assault on Springer, the court finds that there is no genuine issue of material fact and the remaining defendants, Sgt. Smith, Warden Ray, Sgt. Adams, Officer Phillips, and Officer Talor, are entitled to summary judgment. Although Springer alleges that he was denied medical treatment for 36 hours while he was in ambulatory restraints, he does not allege to whom he made a request for medical treatment, or more importantly, that he made any requests to any of the named defendants. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged

acted personally in the deprivation of the plaintiff's rights.") (internal quotation marks and citations omitted). Therefore, the court finds that Springer's medical treatment claim fails.

With regard to the investigation of the alleged assault by Officer Deel, Springer has failed to allege any constitutional violation. The record reflects that Sgt. Adams investigated the incident, concluded that Officer Deel had not acted improperly, and closed the investigation. Springer's disagreement with Sgt. Adams' conclusion does not affect his constitutional rights. Likewise, Sgt. Adams and Warden Ray decision to not turn over any photographs or video footage of the alleged incident without a court order did not abridge Springer's constitutional rights. At the time Springer requested that evidence, there was no case pending on the matter. Springer does not allege that Sgt. Adams and Warden Ray prevented him in any way from re-filing his claim in state court and seeking an order from that court to obtain the evidence. In addition, as has been revealed in this action, no photographs of the incident exist. And the video footage was provided to this court and shown to Springer as soon as the court ordered that it be turned over. Springer's allegations and defendants actions in this matter in no way suggest that Sgt. Adams or Warden Ray were attempting to interfere with or cover-up an investigation of Officer Deel's alleged assault of Springer. Based on the foregoing, the court finds that Springer's claim fails.

As regards any of the remaining defendants' involvement in any claim, the court finds that Springer has not alleged any facts whatsoever in his complaint against Officer Talor and that he has not alleged any constitutional violations by Sgt. Smith and Officer Phillips. Springer alleges that Sgt. Smith relieved Officer Deel after the alleged incident on October 29, 2009 and that he looked at Springer's wounds through the cell window. He also claims that Sgt. Smith initially blocked Officer Phillips from videotaping Springer, but that Officer Phillips was then

6

able to capture footage of Springer. Springer also alleges that Officer Phillips looked through Springer's cell window after the alleged incident on October 29, 2009, stated that there was blood everywhere and that medical needed to be called, and videotaped Springer and the cell as instructed. The court finds that Springer has not stated a colorable claim against Officer Talor, Sgt. Smith, or Officer Phillips. Therefore, the court finds that these defendants, along with Sgt. Adams and Warden Ray, are entitled to summary judgment.

## IV.

For the reasons stated herein, the court grants summary judgment as to Sgt. Adams, Warden Ray, Officer Talor, Sgt. Smith, and Officer Phillips and denies summary judgment as to defendants Officer Hurley, Officer Deel, and Officer Collins. The claims against Officer Hurley, Officer Deel, and Officer Collins will be set for a jury trial.

**ENTER**: This 21st day of March, 2011.

United States District Judge